Joseph S. **SOLARSKY**, Sr.

v.

**COMMISSIONERS AND PARK BOARD OF BUCKS COUNTY, PENNSYLVANIA.**

Civ. A. No. 37142.

United States District Court
E. D. Pennsylvania.

May 27, 1965.

Joseph S. Solarsky, Sr., in pro per.

Arthur B. Walsh, Jr., Walsh & Durben, Langhorne, Pa., for defendant.

KIRKPATRICK, District Judge.

On December 31, 1964, the plaintiff filed a petition asking leave to bring an action in forma pauperis to recover damages for the death of his minor son, which occurred July 29, 1964. The allegations as to his poverty are sufficient.

The defendant has moved to dismiss the complaint upon the ground that the plaintiff is not the proper party to bring the action. The point is well taken. Under Pennsylvania law, actions for wrongful death can be brought by persons other than the administrator only if no action has been instituted by the administrator within six months of the death. The plaintiff's divorced wife was appointed administratrix of the decedent's estate by the court in Bucks Coun-

ty and instituted an action in Bucks County on September 17, 1964, under the wrongful death and survival statutes of Pennsylvania. Under these circumstances, the plaintiff is not entitled to bring an action in his own name.

He complains that the administratrix appointed may not properly pursue the cause of action. This Court cannot undertake the supervision of an administratrix appointed by the state court. The plaintiff has a remedy in Pennsylvania consisting of the removal of the administratrix, if his fears are well grounded, and this remedy must be followed since the federal court cannot simply disregard the actions of a state court in appointing an administratrix as it would have to do in order to sustain this suit.

The plaintiff has also asked for the appointment of counsel to represent him. Under the circumstances of this case, I do not believe that such an appointment would be fruitful. Any future action taken by the plaintiff must be in the state court.

Leave to proceed in forma pauperis is granted.

The defendant's motion to dismiss is granted.

The plaintiff's petition for appointment of counsel is denied.